UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **HAROLD JOE BLACK** | **CIVIL ACTION NO. 10-94-P** |
| **VERSUS** | **JUDGE HICKS** |
| **WARDEN** | **MAGISTRATE HORNSBY** |

REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

STATEMENT OF CLAIM

Before the Court is a petition for writ of habeas corpus filed by pro se petitioner Harold Joe Black, pursuant to 28 U.S.C. § 2254. This petition was received and filed in this Court on January 13, 2010. Petitioner challenges his state court conviction, sentence, and probation revocation. Petitioner is currently incarcerated at the Winn Correctional Center in Winnfield, Louisiana, and he names the Warden as respondent.

On May 1, 1984, Petitioner pleaded guilty to one count of distribution of marijuana in the Louisiana Twenty-Sixth Judicial District Court, Parish of Bossier. On July 20, 1984, Petitioner was sentenced to three years incarceration at hard labor. The trial court suspended said sentence and placed Petitioner on three years supervised probation. On August 13, 1985, Petitioner's probation was revoked.

In support of this petition, Petitioner alleges (1) he was never informed of the three-year post-conviction limitation period, (2) he was never informed of the "separate amended probation condition violation," (3) the lawyer-client privilege was violated, (4) the trial judge did not give him an opportunity to withdraw his guilty plea, (5) he received ineffective assistance of counsel, (6) his sentence was used to enhance his sentence in Caddo Parish, and

(7) his sentence should be set aside.

For the reasons discussed below, Petitioner's application for habeas relief should be dismissed for lack of subject-matter jurisdiction.

## LAW AND ANALYSIS

Habeas corpus relief is available to a person who is in custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254. A petitioner must be in custody under the conviction or sentence under attack at the time the petition is filed. See Maleng v. Cook, 490 U.S. 488, 490-92 (1989). If the sentence has fully expired before the habeas petition is filed, then the petitioner is not in "custody" and the federal court has no jurisdiction over the petition. Maleng v. Cook, Id. at 491. Petitioner admits in his petition that the conviction and sentence he seeks to challenge in this petition expired on August 12, 1988. Accordingly, Petitioner has failed to establish that he was in custody for the purposes of a habeas attack on the distribution of marijuana conviction because the sentence imposed for that conviction had already expired. Thus, Petitioner has failed to state a cause of action under 28 U.S.C. § 2254.

Accordingly,

**IT IS RECOMMENDED** that Petitioner's application for writ of habeas corpus be **DISMISSED** because the Court does not have subject-matter jurisdiction.

## OBJECTIONS

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are

directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

An appeal may not be taken to the court of appeals from a final order in a proceeding under Section 2254 unless a circuit justice, circuit judge, or district judge issues a certificate of appealability. 28 U.S.C. § 2253(c); F.R.A.P. 22(b). Rule 11 of the Rules Governing Section 2254 Proceedings for the U.S. District Courts requires the district court to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate may issue only if the applicant has made a substantial showing of the denial of a constitutional right or that this court was incorrect in its procedural ruling. See Slack v. McDaniel, 120 S.Ct. 1595, 1604 (2000) and Section 2253(c)(2). A party may, within **fourteen (14) days** from the date of this Report and Recommendation, file a memorandum that sets forth arguments on whether a certificate of appealability should issue.

**THUS DONE AND SIGNED**, in chambers, at Shreveport, Louisiana, on this the 29 day of November 2012.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE