UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

**HAROLD JOE BLACK**  **CIVIL ACTION NO. 10-94-P**

**VERSUS**  **JUDGE HICKS**

**WARDEN**  **MAGISTRATE HORNSBY**

**J U D G M E N T**

For the reasons stated in the Report and Recommendation of the Magistrate Judge previously filed herein, and after an independent review of the record, including written objections and amended pleadings filed by Petitioner, and determining that the findings of the Magistrate Judge are correct under the applicable law;[1]

**IT IS ORDERED** that Petitioner's application for writ of habeas corpus be **DISMISSED WITHOUT PREJUDICE**, sua sponte, for lack of subject-matter jurisdiction.

Rule 11 of the Rules Governing Section 2254 Proceedings for the U.S. District Courts requires the district court to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. The court, after considering the record in this case and the

---

[1] The Court notes Petitioner's citation to Glenn v. Stalder, 07-0178, 2007 WL 1791189 (W.D. La. May 29, 2007) in his objection to the Report and Recommendation. However, Petitioner has failed to demonstrate that he falls under either of the two exceptions carved out by the Supreme Court in Lackawanna County Dist. Attorney v. Coss, 532 U.S. 394, 121 S. Ct. 1567, 149 L. Ed. 2d 608 (2001). Petitioner does not allege that he was without counsel in the prior proceeding. Furthermore, Petitioner has not provided any evidence that "a state court [has], without justification, refused to rule on a constitutional claim that has been properly presented to it and when, after the time for direct or collateral review has expired, [and that he has obtained] compelling evidence that he is actually innocent of the crime for which he was convicted, and which he could not have uncovered in a timely manner." Glenn v. Stalder, 2007 WL 1791189 *7 (citing Lackawanna County Dist. Attorney v. Coss).

standard set forth in 28 U.S.C. Section 2253, denies a certificate of appealability. Jurists of reason would not find it debatable whether the petition states a valid claim of the denial of a constitutional right and whether this court was correct in its procedural ruling. See Slack v. McDaniel, 120 S.Ct. 1595, 1604 (2000).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 13th day of March, 2013.

S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE